YORE *et al.*, Respondents, v. STEAMBOAT C. BEALER, Appellant.

1. The act concerning boats and vessels (R. C. 1845, p. 180,) applies to boats and vessels owned in sister states as well as to those owned in Missouri.
2. The act concerning boats and vessels (R. C. 1845, p. 180), in so far as it confers liens in cases of collision occurring in navigating the waters of the state of Missouri, is not in conflict with the constitution of the United States.

*Appeal from St. Louis Circuit Court.*

This was an action, under the act concerning boats and vessels (R. C. 1845, p. 180), by the owners of the steamboat " Grand Tower" against the steamboat " C. Bealer," to recover the value of a barge and 850 sacks of salt lost by reason of a collision of said boat alleged to have been caused by the unskillful and negligent management of said steamboat " C. Bealer." The alleged collision took place on the Mississippi river. The defendant put in issue the material allegations of the petition, denying that the collision occurred within the jurisdiction of this state, and setting up as a defence that the C. Bealer, at the time of the collision, and of her seizure in this suit, was a foreign vessel, owned and enrolled at the port of Cincinnati, in the state of Ohio. At the trial it appeared that the C. Bealer was owned by Cornelius Bealer of Cincinnati, Ohio, W. S. Walker and W. Caswell, both of Newport, Kentucky ; also that she was enrolled and registered at the port of Cincinnati.

The court refused the following instruction asked in behalf of defendant : " 1. If the jury believe from the evidence that at the time of the collision no part of the steamboat " C. Bealer" was owned by any person or corporation residing or having a place of business in the state of Missouri, they will find for the defendant."

The jury found for plaintiffs. The refusal of the above instruction constitutes the error complained of.

*Rankin*, for appellant.

I. The court erred in refusing the first instruction. The boat and vessel act only applies to domestic vessels, that is, to those owned in Missouri. (See Ashbrook v. Golden Gate, 1 Newb. 296 ; Barque Chusan, 2 Sto. 455.)

II. The court had no jurisdiction of the cause ; it is a cause of admiralty and maritime jurisdiction. (1 Conk. Adm'y, 32, 370 ; 3 Sto. on Const. 527, 530 ; Williamson v. Barrett, 13 How. 101, 283 ; Benedict, Admiralty, § 312 ; 2

Conkl. Adm'y, 450, rule 15 of Supreme Court of U. S.) The jurisdiction in cases of the character of that under consideration. is exclusively vested in the federal courts; the state courts can not exercise jurisdiction. (1 Newb. R. 296, 101, 443; 12 How. 443; id. 466; 5 id. 441.) The navigable rivers of the United States are not the property of any state for the purpose of conferring jurisdiction in maritime cases. (1 Newb. 303; Benedict's Adm'y, § 208.)

.*Hudson & Thomas*, for respondents.

NAPTON, Judge, delivered the opinion of the court.

The only question in this case is, whether, under our statute concerning boats and vessels, the. courts of this state have jurisdiction where the boat employed in navigating the waters of this state is owned, in whole or part, by citizens of other states or foreign countries.

It is very clear that if the nonresidence of one or more owners of a steamboat divests the jurisdiction of our courts in such proceedings, the statute is an entire failure. The purpose of the law is defeated in the very cases where its provisions are most needed. The main object of the law is undoubtedly to give redress against the boat, without requiring the party aggrieved to look up the owners. Probably a large proportion of the boats, which navigate the waters within this state and upon her borders, are either in whole or part owned by citizens of other states; and to give a construction to our statute, which would oust the jurisdiction of the court upon the discovery of the fact that there was a nonresident owner, would virtually and substantially annul the law. But we are not apprised of any provision in the federal constitution, or any principle of inter-state comity, which requires such a construction to be given to the law. Citizens of other states or of foreign countries, who bring or send their property within the jurisdiction of this state, have surely no ground of complaint, if that property is treated precisely as it would be if its owners resided here. They can not

claim exemptions which our own citizens are not allowed. No principle of comity requires a discrimination in their favor.

We are aware that there have been some conflicting decisions made by this court in relation to the effect of sales under this law. It is manifest that if the sale is held to have the effect of sales in admiralty, as in some cases it has been, claims arising abroad ought to be adjudicated and allowed here. The subject has not been recently before this court, and the present case does not involve the question alluded to. But so far as the jurisdiction of our courts is concerned, the decisions have been uniform, and we see no reason for departing from them.

The other judges concurring, the judgment is affirmed.